IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

MATTHEW KNICK,

  Plaintiff,

CASE NO.: 6:17-cv-1027-ORL-31-TBS

-VS-

CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,

  Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, MATTHEW KNICK, by and through the undersigned counsel, and sues Defendant, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION (hereafter known as "CAPITAL ONE"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CAPITAL ONE from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242**,** 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Brevard County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, CAPITAL ONE, is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia, 22102 and which conducts business in the State of Florida.

14. CAPITAL ONE is a "creditor" as defined in Florida Statute §559.55(5).

15. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16. CAPITAL ONE called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times in regards to fraudulent accounts opened in Plaintiff's name.

17. CAPITAL ONE attempted to collect an alleged debt from Plaintiff that was in connection to fraudulent accounts by this campaign of telephone calls.

18. CAPITAL ONE intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19. Upon information and belief, some or all of the calls CAPITAL ONE made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and/or he received prerecorded messages from CAPITAL ONE.

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (754) ***-1506, and was the called party and recipient of CAPITAL ONE's calls.

21. Plaintiff does not currently have any account or business dealings with CAPITAL ONE. Two fraudulent accounts were opened in Plaintiff's name. Plaintiff

explained to CAPITAL ONE'S agent(s) that the accounts were fraudulent, but the calls to Plaintiff persisted.

22. CAPITAL ONE confirmed that the accounts in the plaintiff's name were in fact fraudulent and sent Plaintiff four (4) letters from January 18, 2017 to January 20, 2017 confirming this fact. See Exhibit "A".

23. CAPITAL ONE placed an exorbitant number of automated calls to Plaintiff's cellular telephone (754) ***-1506 in an attempt to collect a debt on the fraudulent accounts opened in the Plaintiff's name.

24. On several occasions over the last four (4) years, Plaintiff instructed CAPITAL ONE's agent(s) to stop calling his cellular telephone.

25. On one such occasion, Plaintiff spoke with an agent of CAPITAL ONE and stated "I don't have a credit card with this company. Please stop calling me." On another such occasion, Plaintiff stated "Please stop calling me. I don't have an account with you." Each call Capital One made to Plaintiff's cell phone after revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

26. Plaintiff estimates approximately one hundred (100) calls to his cell phone post-revocation.

27. The autodialer calls from CAPITAL ONE came from telephone numbers including but not limited to (800) 215-1921, and when that number is called, a pre-recorded voice or agent answers and identifies the number as belonging to CAPITAL ONE.

28. CAPITAL ONE knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff cellular telephone number up to three (3) times a day, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of fraudulent accounts.

29. CAPITAL ONE has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

30. CAPITAL ONE has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or CAPITAL ONE, to remove the number.

31. CAPITAL ONE's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to CAPITAL ONE they wish for the calls to stop.

32. CAPITAL ONE has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33. CAPITAL ONE has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

34. CAPITAL ONE has had numerous complaints from consumers across the country against it asking to not be called; however, CAPITAL ONE continues to call the consumers.

35. CAPITAL ONE's corporate policy provided no means for Plaintiff to have his number removed from CAPITAL ONE's call list.

36. CAPITAL ONE has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not a single call placed by CAPITAL ONE to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. CAPITAL ONE willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39. From each and every call placed without consent by CAPITAL ONE to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

40. From each and every call without express consent placed by CAPITAL ONE to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CAPITAL ONE's calls.

41. From each and every call placed without express consent by CAPITAL ONE to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he

repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by CAPITAL ONE to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by CAPITAL ONE to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

44. Each and every call placed without express consent by CAPITAL ONE to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

45. Each and every call placed without express consent by CAPITAL ONE to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

46. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress and anxiety. Additionally, Plaintiff had a heart attack in January 2015, and the calls added stress which affected his recovery. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, CAPITAL ONE's attempts to collect a debt related to fraudulent accounts from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
**(Violation of the TCPA)**

47. Plaintiff fully incorporates and realleges paragraphs one (1) through forty six (46) as if fully set forth herein.

48. CAPITAL ONE willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CAPITAL ONE that he wished for the calls to stop.

49. CAPITAL ONE repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Matthew Knick, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

50. Plaintiff fully incorporates and realleges paragraphs one (1) through forty six (46) as if fully set forth herein

51. At all times relevant to this action CAPITAL ONE is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. CAPITAL ONE has violated Florida Statute § 559.72(7) by willfully communicating with Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

53. CAPITAL ONE has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff or any member of his family.

54. CAPITAL ONE has violated Florida Statute § 559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist.

55. CAPITAL ONE's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Matthew Knick, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff